**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

**TOMMYE WILLIAMS**                                                                                          **PLAINTIFF**

**V.**                                              **NO. 3:20-CV-3034**

**DEAN SIMMONS**                                                                                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Defendant Dean Simmons's Motion to Dismiss (Doc. 12) Plaintiff Tommye Williams's amended complaint for failure to state a claim. The Motion is supported by Defendant's Brief in Support (Doc. 13), and Plaintiff filed a Response in Opposition. (Doc. 15). The Court has considered the relevant materials and finds that the Motion should be **DENIED**.

**I.  BACKGROUND**

Ms. Williams filed an amended complaint (Doc. 11) on May 29, 2020 alleging that her employer, Mr. Simmons, violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). Ms. Williams alleges that, with Mr. Simmons's knowledge, she regularly worked more than forty hours a week during the annual tax seasons from 2017 to 2020, including off-the-clock working lunches and work-related travel for which she was never paid.

Second, Ms. Williams alleges that even when she was paid for work in excess of forty hours per week, it was not at the required rate. The FLSA requires that an employee be paid "not less than one and one-half times the regular rate" for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). It defines the "regular rate" as "all remuneration for employment paid to" the employee. 29 U.S.C. § 207(e). However, a

payment that can be characterized as a "discretionary bonus," as defined in § 207(e)(3), is excluded from the regular rate.[1] Ms. Williams asserts that Mr. Simmons calculated her overtime rate of pay incorrectly because he did not include in her regular rate the annual cash bonus that Ms. Williams received at the end of each tax season. Ms. Williams asserts that this bonus was not discretionary and therefore had to be included when calculating her regular and overtime rates of pay. She alleges that Mr. Simmons or one of his agents described this bonus as a component of her annual income, and she did in fact receive a bonus in the spring of 2017, 2018, and 2019. Ms. Williams and other employees anticipated this bonus as a part of their total compensation packages.

Mr. Simmons moves to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mr. Simmons asserts that Ms. Williams has failed to adequately plead an overtime violation and has failed to establish that the bonus was not a discretionary bonus excluded from the calculation of Ms. Williams's regular and overtime rates of pay.

---

[1] The AMWA contains the same requirement that an employee "receive[ ] compensation for his or her employment in excess of [forty hours] at a rate not less than one and one-half (1 1/2) times the regular rate of pay," Ark. Code Ann. § 11-4-211(a), but does not define "regular rate." However, the Arkansas Department of Labor is expressly authorized in the Arkansas Administrative Code to "rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of the [Minimum Wage] Act and [implementing rules], except to the extent a different interpretation is clearly required." Ark. Admin. Code § 010.14.1-112. The parties have not suggested that there is any meaningful difference between the FLSA and the AMWA relevant to the claims presented here, so the Court will assume for the purposes of this Motion that its analysis under the FLSA applies equally to Plaintiff's claims under the AMWA.

## II.  LEGAL STANDARD

To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.  DISCUSSION

### A.  Off-the-Clock Time

Ms. Williams asserts that during tax season she performed off-the-clock work for which she was not compensated and that was in excess of forty hours per week, including working lunches, work-related travel, and other work. In his Motion, Mr. Simmons argues that these statements are insufficient to state a claim for a violation of the overtime provisions of the FLSA and the AMWA.

The Court recognizes that some Circuits have imposed a heightened pleading standard for overtime claims under the FLSA. The First and Second Circuits have ruled that a plaintiff must point to a specific work week where she worked more than forty hours

without appropriate compensation. *See, e.g.*, *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012); *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). In other Circuits, however, it is sufficient to allege that there were weeks in which an employee was not compensated for overtime worked. *See, e.g.*, *Sec'y of Labor v. Labbe*, 319 F. App'x 761 (11th Cir. 2008); *Hall v. DIRECTV, LLC*, 846 F.3d 757 (4th Cir. 2017). The Eighth Circuit has not yet reached this issue, *see Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 962 (8th Cir. 2015) (observing that "[t]he proper pleading standard for FLSA claims is a matter of first impression in this circuit," but deciding the case on other grounds), and district courts within the Eighth Circuit are similarly divided. *Compare Walkinshaw v. Saint Elizabeth Reg'l Med. Ctr.*, 428 F.Supp.3d 171, 180 (D. Neb. 2019) (discussing the split and noting that in the District of Nebraska, it is sufficient "to plead coverage, that the employee worked more than 40 hours in one workweek, and that the employee was not paid overtime compensation") *with Ash v. Anderson Merchandisers, LLC*, 2014 WL 11394891, at *3 (W.D. Mo. July 14, 2014) (dismissing a complaint alleging overtime violations for failure to state a claim because it "does not identify when the specific FLSA violation(s) occurred, does not state which Defendant committed the alleged violation(s), and does not identify any particular individual that instructed Plaintiffs to perform overtime work").

Given the remedial purpose of the FLSA, which was enacted to protect employees from "the evil of overwork as well as underpay," *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942) (internal quotation marks omitted), this Court concludes that it is not appropriate to impose a heightened pleading standard for overtime claims. The Supreme Court has acknowledged that an employee bringing suit under the FLSA "has

4

the burden of proving that he performed work for which he was not properly compensated" but that the "remedial nature of this statute and the great public policy which it embodies . . . militate against making that burden an impossible hurdle for the employee." *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (superseded by statute on other grounds). Rather, "it is the employer who has the duty under [the FLSA] to keep proper records of wages [and] hours . . . and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed." *Id.* (citing 29 U.S.C. § 211(c)).[2] In fact, the Court recognized, "employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof." *Id.* While the issue before the Supreme Court in *Mount Clemens* involved the calculation of damages, this Court concludes that the same considerations dictate against applying a heightened pleading standard to claims for overtime relief under the FLSA and the AMWA. Since the employer, not the employee, has the legal responsibility to maintain records of hours and wages under both statutes, it is not necessary for a plaintiff employee to identify in the pleadings a specific week in which a violation occurred. The Court finds that the Rule 8 pleading standard has been satisfied here: Ms. Williams offers enough facts in her amended complaint to state a plausible claim for unpaid overtime work in violation of the FLSA and the AMWA.

---

[2] The AMWA contains the same record-keeping requirement. *See* Ark. Code Ann. § 11-4-217(a).

5

### B. Calculation of the Regular and Overtime Rates

Ms. Williams also claims that the annual bonus she received was nondiscretionary, and it was therefore incorrect to exclude it when calculating her regular rate of pay for the purposes of computing overtime compensation. In his Motion to Dismiss, Mr. Simmons argues that Ms. Williams has not pleaded sufficient facts to establish that the bonus was not discretionary, as defined by the FLSA. A bonus is discretionary if the employer retains discretion as to whether the bonus will be paid and the amount of the bonus until "quite close to the end of the period for which the bonus is paid." 29 C.F.R. § 778.211(b). Further, "if the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to [the bonus]." *Id.*

The amended complaint alleges that the bonus was explicitly mentioned by Mr. Simmons or his agent when Ms. Williams was hired and that Ms. Williams and other employees understood it to be part of their compensation package. Taking these facts as true, the Court concludes that Ms. Williams has pleaded sufficient facts to suggest that the annual bonus was not discretionary and therefore had to be included in calculating the regular and overtime rates of pay. In reviewing the amended complaint, the Court finds that it asserts plausible and sufficiently detailed claims to allow Mr. Simmons to ascertain the nature of such claims and mount a defense. Further, the facts as pleaded are not conclusory, go beyond a simple recitation of the law, and create a facially plausible claim of violations of the FLSA and the AMWA.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Mr. Simmons's Motion to Dismiss (Doc. 12) is **DENIED**.

**IT IS SO ORDERED** on this 21st day of July, 2020.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　TIMOTHY L. BROOKS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE